Richard M. Steingard (SBN 106374)
*rsteingard@SteingardLaw.com*
**LAW OFFICES OF RICHARD M. STEINGARD**
724 South Spring Street, Ninth Floor
Los Angeles, California 90014
Telephone: (213) 260-9449
Facsimile: (213) 260-9450
Attorney for Defendant
CHARLEY LOH

Steven Brody (SBN 271616)
*stevebrodylaw@gmail.com*
**LAW OFFICES OF STEVEN BRODY**
155 North Lake Avenue, Suite 800
Pasadena, CA 91101
Telephone: (213) 290-5294
Facsimile: (213) 403-5323
Attorney for Defendant
SIMON CHU

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**SIMON CHU and CHARLEY LOH,**<br><br>Defendants. | Case No. CR 19-193-DSF<br><br>**NOTICE OF MOTION; MOTION TO DISMISS COUNTS 1 AND 2; MEMORANDUM OF POINTS AND AUTHORITIES; EXHIBITS**<br><br>Hearing. Date: March 6, 2023<br>Hearing Time: 8:30 a.m. |

TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 6, 2023, at 8:30 a.m., or as soon thereafter as the matter may be heard, defendants Charley Loh and Simon Chu will

1

move this Honorable Court to dismiss Counts 1 and 2 of the Indictment because the statute of limitations for those offenses have run.

This motion is based on the attached Memorandum of Points and Authorities, exhibits, all pleadings and files in this matter, and such evidence and argument as may presented at the hearing on this motion.

Dated: January 30, 2023         Respectfully submitted,

_____/s/_____
RICHARD M. STEINGARD
Attorney for Charley Loh


_____/s/_____
STEVEN BRODY
Attorney for Simon Chu

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

Defendants Charley Loh and Simon Chu ("the defendants") move this Court for an order dismissing Counts 1 and 2 of the indictment because they are time barred under the statute of limitations. Count 1 charges the defendants with Conspiracy to Commit an Offense and Defraud the United States, in violation of 18 U.S.C. § 371 (hereinafter "Conspiracy"). Count 2 charges the defendants with Failing to Immediately Report a Defective Product with the Consumer Protection Safety Commission ("CPSC"), in violation of 15 U.S.C. §§ 2068(a)(4), 2070 (hereinafter "Failure to Report").[1] The statute of limitations for these offenses is five years. The indictment was returned on March 28, 2019, more than five years after the charges in Counts 1 and 2 are alleged to have occurred. Thus, on their face, these two counts are time barred.

Prior to the return of the indictment, the defendants each executed six tolling agreements with the government which extended the statutes of limitations by approximately 14 months for those crimes specifically identified in the agreements. However, the tolling agreement did not identify or reference the crime of Conspiracy. Thus, for Count 1 to be timely, the charged conspiracy must have occurred on or after March 28, 2014 (five years prior to the date of the indictment, March 28, 2019). Because the indictment alleges that the conspiracy was completed by June 2013, it is time barred and should be dismissed.

As to Count 2, the tolling agreements identified a CPSC violation (Failure to Report) and the statute of limitations is therefore extended for the tolled periods, beginning January 12, 2018. Thus, for statute of limitations purposes, the operative date is January 12, 2018—the date which, under the tolling agreements,

---

[1] A third count—which is not challenged in this motion—charges the defendants with wire fraud, in violation of 18 U.S.C. § 1343.

3

the statute of limitations was tolled; to be timely, the Failure to Report charge must have occurred within five years of that date: on or after January 12, 2013. However, the indictment alleges that this offense was committed and complete on September 19, 2012, well before the statutory period. Thus, it too is time barred.

For the reasons that follow, both counts should be dismissed.

## II.

## STATEMENT OF RELEVANT FACTS

Beginning on January 23, 2018, the defendants each signed six tolling agreements. (Attached collectively as Exhibits A (Chu) and B (Loh).) The tolling agreements were drafted by the government and are all identical except for the defendants' name and the operative dates for each tolling period:

| Tolling Agreement | Tolling Start Date for Chu and Loh | Tolling End Date for Chu | Tolling End Date for Loh |
|---|---|---|---|
| 1 | Jan. 12, 2018 | April 12, 2018 | April 12, 2018 |
| 2 | Jan. 12, 2018 | June 30, 2018 | June 30, 2018 |
| 3 | Jan. 12, 2018 | August 31, 2018 | August 31, 2018 |
| 4 | Jan. 12, 2018 | November 30, 2018 | October 31, 2018 |
| 5 | Jan. 12, 2018 | January 31, 2019 | December 31, 2018 |
| 6 | Jan. 12, 2018 | March 31, 2019 | February 28, 2019 |

Paragraphs 1 and 2 of the tolling agreements describe the nature of the government's investigation. They state that the Department of Justice "is investigating the defendants in connection with the manufacture, marketing, sale, and distribution of Gree dehumidifiers" for the offenses which "include, but are not necessarily limited to violations of 18 U.S.C. §§ 1341, 1343 (mail and wire fraud), 18 U.S.C. § 545 (importation of goods contrary to law), and 15 U.S.C. § 2068 (Consumer Product Safety Act ("CPSA")) in connection with the manufacture, marketing, sale and distribution of Gree dehumidifiers." (*Id.*)

Paragraphs 3 and 4 identify the specific offenses tolled under the statute of limitations. They state that the defendants agree "to toll the applicable statute of limitations *for the offenses described in Paragraphs One and Two*… for the conduct described in Paragraphs One and Two." *Id.* (emphasis added). The offenses listed in Paragraphs One and Two are thus limited to mail and wire fraud, importation of goods contrary to law, and CPSA violations.[2]

On March 29, 2019, the grand jury returned a three-count indictment against the defendants. Count 1 charged Conspiracy, in violation of 18 U.S.C. § 371; Count 2 charges Failure to Report, in violation of 15 U.S.C. § 2068(a)(4); and Count 3 charges Wire Fraud, in violation of 18 U.S.C. § 1343. (ECF 1.) All the charges are alleged to have begun on September 19, 2013, but each count lists a different time span: Count 1: Conspiracy, Sept. 19, 2012 - June 2013; Count 2: Failure to Report, Sept. 19, 2012 - March 14, 2013; Count 3: Wire Fraud, Sept. 19, 2012 - April 30, 2013. *Id.*

The defendants move to dismiss Counts 1 and 2.

## III.

## ARGUMENT

### A.   Count 1 – The Conspiracy Charge

The statute of limitations for Conspiracy to Commit a Crime and Defraud the United States is five years. 18 U.S.C. § 3282. The indictment was returned on March 28, 2019. (ECF 1.) Thus, for the charge to be within the statutory period (excluding any tolling periods), the last overt act must have occurred on or after March 28, 2014. However, Count 1 alleges that the last overt act occurred on April 30, 2013. Thus, absent a finding that the statute of limitations was tolled, this charge is clearly time barred.

---

[2]   Notably, § 2068 does not include a conspiracy to commit the substantive offense.

5

As set forth above, the defendants each entered into six tolling agreements. (Exs. A and B.) None of the agreements referenced the crime of Conspiracy or its corresponding statute, 18 U.S.C. § 371. Rather, the tolling agreements specify that they are limited to "the offenses described in Paragraphs One and Two," to wit: mail/wire fraud, illegal importation of goods, and CPSA violations.

Courts interpret tolling agreements just as they would any other contract. *Gould Elecs., Inc. v. Livingston Cty. Rd. Comm'n*, 2018 WL 1035714, *3 (E.D. Mich. Feb. 23, 2018); *citing, Delano v. Abbott Laboratories*, 908 F. Supp. 2d 888, 895 (W.D. Tenn. 2012). The threshold inquiry is whether the meaning of the tolling agreement is plain on its face. *United States v. Goyal*, 2007 WL 1031102, *2 (N.D. Cal. Apr. 3, 2007) (interpreting a criminal tolling agreement). A tolling agreement, like any contract, must be construed in accordance with its plain terms and is limited to the "four corners" of the document. *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992-993 (7th Cir. 2007).

When analyzing an agreement between a criminal defendant and the government, such as a tolling or plea agreement, any ambiguity is strictly construed against the government and in favor of the defendant. *United States v. De La Fuente*, 8 F.3d 1333, 1338 (9th Cir. 1993) ("As with other contracts, provisions of plea agreement are occasionally ambiguous; the government "ordinarily must bear responsibility for any lack of clarity"). As the Ninth Circuit stated, "Construing ambiguities in favor of the defendant makes sense in light of the parties' respective bargaining power and expertise." *Id*. *See also Goyal*, 2007 WL 1031102 at *3 (finding the government, as drafter of a tolling agreement, must bear responsibility for the lack of clarity and ambiguities are therefore construed in

favor of the defendant).  So, to the extent that a reading of a plea or tolling agreement is unclear, it must be resolved in the defendant's favor.[3]

Here, defendants submit that there is no ambiguity in the tolling agreements. They plainly state that the defendants' agreement to toll the statute of limitations is limited to "the offenses described in Paragraphs One and Two…"  Those paragraphs identify by name and code sections the crimes of mail and wire fraud, illegally importing goods, and CPSA violations, but do not mention Conspiracy by name or statute.  Certainly, had the government intended to propose that the statute of limitations be tolled for the crime of Conspiracy, they could have included such language in the tolling agreements, as they have done in numerous other cases. *See e.g., United States v. Bartko*, 728 F.3d 327, 339 (4th Cir. 2013) ("The agreements tolled the statute of limitations for potential federal criminal violations regarding Ms. Leamon's involvement in the fraudulent sale of investments during the year 2005, including *conspiracy*, mail fraud, the sale of unregistered securities, and money laundering") (emphasis added); *Bepler v. Vorobek*, 2020 WL 1821110, *2 (D.D.C. April 10, 2020) ("On December 15, 2016, the parties executed an agreement to toll the statute of limitations for fraud, misappropriation, conversion, breach of fiduciary duty, *conspirac*y and certain other claims…") (emphasis added).

As noted above, to the extent the government claims that the tolling agreements are ambiguous, the purported ambiguity must be construed against the government and in the defendants' favor.  *De La Fuente*, 8 F.3d at 1338.  Guidance can be drawn from a relatively recent case, *United States v. Brattain*, 2019 WL 197330 (E.D. Mich. Jan. 14, 2019).  There, the defendant entered into two pre-indictment tolling agreements that concerned "allegations that defendant made or

---

[3]   This policy is consistent with the Rule of Lenity which provides that any "ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity." *United States v. Bass*, 404 U.S. 336, 348 (1971).

7

subscribed a false tax return in violation of Title 26, United States Code, Section 7206." *Id*. at *1. The government later indicted the defendant on seven counts of aiding and assisting in the preparation and presentation of a false tax return, in violation of 26 U.S.C. § 7206(2). *Id*. The defendant moved to dismiss these counts, arguing that the tolling agreements did not apply to § 7206(2) violations. *Id*. at 2.[4] The Court found that the tolling agreements were ambiguous because the agreements referred to "§ 7206" violations, which would include subdivisions (1) and (2). In granting the defendant's motion to dismiss, the Court stated, "Because there is an ambiguity in the tolling agreements, the ambiguity must be construed in favor of Defendant and against the Government…" *Id*., citing *Goyal*, 2007 WL 1031102 at *3.[5]

Applied here, the defendants submit that the tolling agreements are clear in that they do not include Conspiracy. Moreover, any claimed ambiguity "must be construed in favor of Defendant and against the Government." *De La Fuente*, 8 F.3d at 1338. Under either scenario, the defendants submit that Count 1 is time barred and should be dismissed.

### B.  Count 2 – Failure to Report

In the seminal case of *Toussie v. United States,* 397 U.S. 112, 114-5 (1970), the Court explained that "statutes of limitations normally begin to run when the crime is complete" and that "Congress has declared a policy that the statute of limitations should not be extended [e]xcept as otherwise expressly provided by law." *Id*. at 115 (citations and internal quotations omitted). In making these

---

[4] The government obtained a superseding indictment that added a Conspiracy count. *United States v. Brattain*, 18-CR-20107, ECF 3. However, the last overt act of the charged conspiracy occurred well within the statute of limitations period (*id*.) and, accordingly, the defendant did not challenge the Conspiracy count.

[5] The government filed a notice of appeal of the Court's dismissal order but dismissed the appeal before the appellate court rendered its decision. *Id*. at ECF 26, 30, respectively.

pronouncements, the Court also recognized that certain crimes are continuing offenses which allow the government to prosecute a defendant when only a portion of the crime was committed within the statute of limitations. *Id.* Under *Toussie,* a crime is only a continuing offense when (1) "[t]he explicit language of the substantive criminal statute compels such a conclusion," or (2) "the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one." *Id.* at 115. The Court cautioned that the continuing offense doctrine "should be applied in only limited circumstances" and that "continuing offenses are not to be too readily found[.]" *Id.* at 115-116.

In examining whether a particular crime is a continuing offense, "[t]he analysis turns on the nature of the substantive offense, not on the specific characteristics of the conduct in the case at issue." *United States v. Niven,* 952 F.2d 289, 293 (9th Cir.1991), *overruled on other grounds by United States v. Scarano,* 76 F.3d 1471, 1477 (9th Cir.1996); *United Sates v. Pease*, 2008 WL 8086873, *1 (D. Ariz. March 24, 2008) ("focus [is] on the intent of Congress, not on the continuing nature of the Defendant's conduct"); *United States v. W.R. Grace,* 429 F. Supp 2d 1207, 1243 (D. Mont. 2006) ("The goal of the *Toussie* test is to ascertain what Congress 'must have assuredly intended' with respect to the application of the statute of limitations; there is nothing about the specific conduct charged in a given case that could possibly shed light on Congress' intent.").

In the instant case, Count 2 charges the defendants with Failure to Report, in violation of 15 U.S.C. § 2068(a)(4). This statute states, in relevant part:

> "Every manufacturer of a consumer product . . . distributed in commerce, and every distributor and retailer of such product, who obtains information which reasonably supports the conclusion that such product . . . creates an unreasonable risk of serious injury or death, shall ***immediately*** inform the Commission of such failure to comply, of such defect, or of such risk, unless such manufacturer, distributor, or retailer has actual knowledge that the Commission has been adequately informed of such defect, failure to comply, or such risk. 15 U.S.C. § 2068(a)(4) (emphasis added).

Applying the two-part test from *Toussie*, § 2068 is not a continuing offense. The first part of the test asks whether the "explicit language of the substantive criminal statute compels" the conclusion that the statute is a continuing offense. On its face, § 2068 proscribes a defendant's failure to "*immediately*" submit a defective product report to the CPSC.[6] Congress' inclusion of this language leaves no doubt about its intent: the offense is complete when a report is not "immediately" filed. Additionally, unlike other statutes, Congress did not assert that § 2068 was a continuing offense. (*See e.g.*, 18 U.S.C. § 3284 (concealment of assets of a debtor "shall be deemed a continuing offense" until the debtor is discharged or discharge is denied); 22 U.S.C. § 618(e) (failure to file foreign registration statements "shall be considered a continuing offense for as long as such failure exists"); 18 U.S.C. § 3237(a) ("[a]ny offense involving the use of the mails ... is a continuing offense" for venue purposes); 50 U.S.C. § 856 ("failure to file a registration statement ... is a continuing offense for as long as such failure exists").)

The second part of the *Toussie* test looks to the nature of the offense to determine whether Congress "must assuredly have intended that it be treated as" a

---

[6] The Code of Federal Regulations ("C.F.R.") attempt to clarify the definition of "immediately." They reflect that a report should be filed "within 24 hours, after a subject firm has obtained information which reasonably supports the conclusion that its consumer product... contains a defect… or creates an unreasonable risk of serious injury or death…. " 16 C.F R. § 1115.14(e). However, a firm may "elect[] to conduct an investigation in order to evaluate the existence of reportable information," in which case "the 24–hour period begins when the firm has information which reasonably supports the conclusion that its consumer product fails to comply with an applicable consumer product safety rule…" *Id*. "This investigation and evaluation should not exceed 10 days unless a firm can demonstrate that a longer period is reasonable." 16 C.F.R. § 1115.14(d). The C.F.R.s "set forth the [CPSC's] interpretation of the reporting requirements." 16 C.F.R. § 1115.1. As such, the agency's intentions are outside the scope of the *Toussie* test which only examines *Congress'* intent. Nonetheless, even factoring these regulations, § 2068 is not a continuing offense.

10

continuing offense. Classic examples of continuing offenses include conspiracy, escape, kidnapping, bigamy, and crimes of possession. *Id.* at *2 (citing cases); *W.R. Grace,* 429 F.Supp.2d at 1240 n. 32 (same). Some failure to file offenses are not continuing offenses. *See e.g.*, *United States v. Sullivan*, 255 F.3d 1256, (10th Cir. 2001) (failure to file a tax return is not a continuing offense); *United States v. Pollen,* 978 F.2d 78, 86 (3rd Cir.1992) (same, collecting cases); *Norwitt v. United States,* 195 F.2d 127, 133-34 (9th Cir. 1952) (tax evasion is not a continuing offense); *United States v. Bank of New England, N.A.*, 821 F.2d 844, 859 n.9 (1st Cir. 1987) (failure to file a CTR is not a continuing offense).

In the instant case, because this is the very first *criminal* prosecution of an alleged failure to report of a defective product report with the CPSC, no court at any level has addressed whether this is a continuing offense. A few out-of-circuit courts have addressed the statute in a *civil* context. For instance, in *United States v. Spectrum*, 218 F. Supp. 3d 794 (W.D. Wisc. 2016), the government brought a civil action against a manufacturer for failing to immediately report a defective product—a coffeemaker carafe—to the CPSC. The defendant-company began selling the carafes in 2008; that same year, it received a complaint of a handle breaking. By the end of 2009, the company had received at least 300 such complaints, including 14 reports of resulting burns or lacerations. By the end of 2010, the number had grown to 1,000, and by the end of 2011, the company had received over 1,500 reports, including 64 involving burns or lacerations. 218 F. Supp. 3d at 799-801. During these time periods, the CPSC sent the company several notices of complaints and reminders of the statute's reporting requirements for a defective product. *Id*. at 801.

In May 2012, the company was served with a class action lawsuit over the defective carafes, which appeared to have prompted it to act. *Id*. On April 3, 2012—over *four years* after the initial complaint and after receiving over 1,600 complaints, including 66 burns and 3 lacerations—the company filed a defective

product report with the CPSC. *Id*. The government then filed suit, alleging that the company had improperly delayed in informing the CPSC about the defective carafes. *Id*. The company argued, *inter alia*, that the government's allegations were barred by the statute of limitations. *Id*. at 814-5.[7] The Court disagreed, finding that the statute constituted a "continuing violation" under civil law. *Id*. at 816-7.

The *Spectrum* decision is, of course, not binding on this Court. Most importantly, the Court in *Spectrum* completely bypassed the two-part test in *Toussie*, which focuses on the explicit language of the statute and Congress' intent. Indeed, the *Spectrum* Court did not cite *Toussie* much less apply its test. Thus, to the extent *Spectrum* has any persuasive value, it is limited to civil and not criminal cases.[8]

As stated above, under *Toussie*, a crime is only a "continuing offense" when (1) "[t]he explicit language of the substantive criminal statute compels such a conclusion," or (2) "the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one." 397 U.S. at 115. Clearly, the "explicit language of the statute"—which makes it a crime to fail to *immediately* report a defective product—does not support a finding of a continuing offense. Moreover, by including the term "immediately," Congress must not "assuredly have intended that [the offense] be treated as a continuing one."

---

[7] The defendant also raised a vagueness challenge to the Failure to Report statute. *Id*. at 809-11. We address that argument in the defendants' motion to dismiss for vagueness and non-delegation clause issues.

[8] Two other out-of-circuit courts came to the same conclusion as *Spectrum*. *United States v. Advance Mach. Co.*, 547 F. Supp. 1085, 1091 (D. Minn. 1982) and *United States v. Michaels Stores, Inc.*, 2016 WL 1090666, at *3 (N.D. Tex. Mar. 21, 2016). Both were civil actions; neither cited *Toussie* or applied its two-part test.

The statute of limitations for a Failure to Report is five years. 18 U.S.C. § 3282. The indictment was returned on March 28, 2019, but the defendants' tolling agreements, which apply to a CPSC violation, toll the statute of limitations for approximately 14 months. (Exs. A and B.) Under the tolling agreements, the operative date for statute of limitations purposes is January 12, 2018 (*id*.), meaning that the offense must have been committed on or after January 12, 2013. However, the indictment alleges that the Failure to Report occurred as early as September 19, 2012, well before the January 2013 date. Because Failure to Report is not a continuing offense, Count 2 is also time barred and should be dismissed.

## IV.
## CONCLUSION

For all of the foregoing reasons, the defendants respectfully request that the Court enter an order dismissing Counts 1 and 2 of the indictment.

Dated: January 30, 2023                    Respectfully submitted,

                                           /s/
                                           RICHARD M. STEINGARD
                                           Attorney for Charley Loh


                                           /s/
                                           STEVEN BRODY
                                           Attorney for Simon Chu